## (March 15, 1955.)

Irving Kaufman, as Assignee for the Benefit of Creditors of Films Classics, Inc., Respondent, *v.* Eagle Lion Classics, Inc., Respondent, et al., Intervener and Interpleaded Defendants, and Chemical Bank & Trust Company, Interpleaded Defendant-Appellant.

Memorandum by the Court. A party defendant may withdraw its answer and allow judgment to be entered, but we know of no authority for a defendant simply withdrawing from a case except by consent. The orders appealed from should be affirmed, with leave to appellant, if so advised, to move with respect to the pleadings or for judgment on the pleadings or for summary judgment.

Callahan, J. (dissenting). The action involves a dispute over the proceeds of the sale of various motion picture films.

Defendant bank, claiming rights as a pledgee, was stipulated into the action on its own consent, plus that of the plaintiff and several other defendants. There were no allegations against or concerning the bank in the plaintiff's complaint, nor in any cross complaint.

The bank proceeded to answer the complaint, denying certain allegations therein addressed to other defendants. It also pleaded several counterclaims

against the plaintiff and defendant Eagle Lion Classics, Inc. Later, the indebtedness due the bank was paid off, and it sought to have itself eliminated from the litigation.

Codefendant Eagle Lion Classics, Inc., which had procured an order for the bank's examination, objected.

Under one of the two orders appealed from the bank was permitted to withdraw its counterclaims, but denied the right to withdraw from the action. It remains in the action and is being subjected to examination before trial, although it is seeking no relief and none is sought as to it. In fact, no issue is joined as to the bank in any pleading in the case.

The stipulation and order under which the bank was joined provided for the making of certain deposits by defendant Eagle Lion Classics, Inc. When so made, said defendant was to be discharged *pro tanto*. The only party having any possible claim concerning the deposited funds would appear to be the plaintiff assignee, and he has consented to the bank's withdrawal from the action.

There would seem to be no further purpose in having the bank remain a party to the litigation and as such being subjected to examination before trial at the instance of a codefendant on issues as to which the bank is a legal stranger. Though the procedure of withdrawing from an action might seem unusual, I deem the circumstances here sufficiently unusual to warrant that relief.

I vote to modify the orders appealed from so as to grant the bank's applications to withdraw from the action and vacate the examination before trial.

Peck, P. J., Breitel and Botein, JJ., concur in Memorandum by the Court; Callahan, J., dissents and votes to modify in opinion.

Orders affirmed, with $20 costs and disbursements to respondents, with leave to the appellant, if so advised, to move with respect to the pleadings or for judgment on the pleadings or for summary judgment. The date for the examination to proceed shall be fixed in the order. Settle order on notice.